UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re Seria Simmons,<br>　　　Debtor. | )<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 22-11626<br>Judge Deborah L. Thorne |
| The Semrad Law Firm LLC,<br>　　　Plaintiffs,<br>　　　　v.<br>Glenn Stearns, Chapter 13 Trustee,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) | Adv. Proc. 23-00125 |

**MEMORANDUM OPINION**

Debtor Seria Simmons filed a petition under Chapter 13 of the Bankruptcy Code. Before a plan was confirmed, she converted her case to a Chapter 7, and Chapter 13 Trustee Glenn Stearns is holding undistributed funds from the now-closed Chapter 13 estate. Semrad Law Firm has filed an adversary complaint and a Motion for Preliminary Injunction seeking to prevent the Trustee from disbursing the funds. Because there are no underlying "merits" to Semrad's motion, a preliminary injunction is not proper.

**I.  Background**

On October 7, 2022, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Mot. for Prelim. Inj. ¶ 20, Adv. Dkt. No. 13.) Semrad represented the Debtor in her Chapter 13 case, and she agreed to pay $4,500 in attorney fees. (*Id.* ¶¶ 20–21.) She has paid a portion of these fees and still owes Semrad $4,323.37. (*Id.* ¶ 22.) Before a Chapter 13 plan was confirmed—and after she paid $1,375.27 into her plan—the Debtor voluntarily converted her case to Chapter 7.[1] (*Id.* ¶ 29; Bankr. Dkt. No. 41.) The Trustee is holding $763.65 in undisbursed funds.

---

[1] Semrad is representing the Debtor in her Chapter 7 conversion on a pro bono basis. (Mot. for Prelim. Inj. ¶ 28.)

(Mot. for Prelim. Inj. ¶ 31.) Semrad has a pending application for compensation. (Bankr. Dkt. No. 13.)

On May 16, 2023, Semrad filed an adversary complaint against the Trustee and the Debtor.[2] Semrad's prayer for relief requests only a temporary injunction to stay the Trustee from disbursing funds "until there is a final adjudication of this legal issue." (Compl. at 11, Adv. Dkt. No. 1.) Semrad's complaint does not include any request for final relief.[3] In order to preserve the status quo,[4] the court issued a Temporary Restraining Order. (Adv. Dkt. No. 11.) Meanwhile, Semrad filed a motion for preliminary injunction and requested that the court stay the Trustee from disbursing funds "until adjudication of the underlying adversary." (Mot. for Prelim. Inj. at 14.) While the motion for preliminary injunction was briefed, the TRO was extended with the parties' consent. (*See* Adv. Dkt. 23, 34.)

## II. Discussion

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As an initial step, the moving party must demonstrate (1) some likelihood of succeeding on the merits, (2) that it has no adequate remedy at law, and (3) that it will suffer irreparable harm if the relief is not granted. *Cassell v. Snyders*, 990 F.3d 539, 544–45 (7th Cir. 2021).

---

[2] The Debtor has since been dismissed as a party. (Adv. Dkt. No. 22.)

[3] In fact, the Complaint specifically states that "[t]he public interest would be disserved by a permanent injunction." (Compl. ¶ 50.)

[4] Semrad is concerned about mootness given the history of its litigation against the Trustee. In *In re Montilla*, No. 22-12585 (Bankr. N.D. Ill. Oct. 10, 2022), Judge Hunt denied Semrad's request for payment from the Chapter 13 Trustee and ruled that the undisbursed funds must be returned to the debtor. But, while the motion was pending, Semrad did not move to stay the distribution of funds, and the Trustee disbursed the funds. The district court dismissed Semrad's subsequent appeal of Judge Hunt's order as moot.

A closer look at the first element of the preliminary injunction analysis—likelihood of success on the merits—reveals why the court must deny Semrad's motion. The motion requests a preliminary injunction pending resolution of the adversary case, which only seeks relief in the form of a preliminary injunction. In essence, Semrad asks for a preliminary injunction pending the outcome of its complaint for a preliminary injunction. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Though Semrad's adversary complaint discusses the merits likely underlying its pending application for compensation, the complaint does not actually request relief—for example, in the form of a declaratory judgment—that would resolve the compensation issue. Because there are no underlying "merits" to the complaint (i.e., no request for final relief), there cannot be a likelihood that Semrad will succeed on the merits.

It is clear that Semrad ultimately seeks a determination that the Trustee disburse the funds to its firm, instead of to the Debtor. The court recognizes that this is an issue on which Chapter 13 attorneys and Trustees could use guidance. *See In re Montilla*, No. 22-02585 (Bankr. N.D. Ill. Oct. 31, 2022) (certifying direct appeal to the Seventh Circuit because there is no controlling precedent, and the question of law involves a matter of public importance). But the instant motion does not properly put this question before the court.

### III. Conclusion

For the reasons set forth above, Semrad's Motion for Preliminary Injunction is denied.

Date:   July 19, 2023

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge